COBB, Judge.,
dissenting.
This case involved stolen tools found in the apartment of Quinton Casey’s girlfriend’s apartment, which Casey frequented, and stolen goods found in Casey’s girlfriend’s car, which Casey frequently used. Casey was convicted of one count of first-degree receiving stolen property and one count of second-degree receiving stolen property.
The trial court allowed the State to admit into evidence Casey’s two 1995 convictions for theft of property and unauthorized use of a credit card. The majority *614 holds that these prior convictions were “relevant to prove that he had knowledge of the presence of stolen items and that he intended to exercise control over those items.”[1] The majority offers only this conclusory statement, with no analysis or supporting caselaw.
If Casey had previously been convicted of receiving stolen property, depending on the circumstances of the instant case, that conviction might have been relevant to show that he had knowledge that the property in the apartment had been stolen. However, previous convictions for theft and unauthorized use of a credit card, although property offenses, provide no proof of knowledge or intent regarding the stolen goods in this case.
I can see no logical nexus between Casey’s 1995 convictions and Casey’s knowledge of the presence of stolen goods in his girlfriend’s apartment (or knowledge that the goods were stolen, as the State argued at trial). Nor do I see a logical nexus between the 1995 convictions and his intent to exercise control over the items stolen in 2001 — some six years after his prior convictions. Because I can see no other justification for admitting this extremely prejudicial evidence, I believe that evidence of his prior convictions was admitted for the very reason prohibited by Rule 404(b), Ala. R. Evid.: “to prove the character of a person in order to show action in conformity therewith.”
Additionally, I fail to see how the trial court’s limiting instruction eliminated the danger of unfair prejudice or confusion, as the unpublished memorandum maintains. The trial court gave the following limiting instruction:
“There has been evidence presented by the State that the Defendant has been previously convicted of theft of property and unauthorized use of a credit card. I allowed this evidence to be presented not for the purpose of proving that the Defendant committed the crimes now charged but only for the limited purpose of the elements of knowledge and intent.
“I instruct you that you may not use these previous crimes as substantive evidence that the Defendant committed the crimes now charged. In other words, you cannot consider the previous crimes of the Defendant as evidence that he committed the now-charged crimes but only as evidence of the elements of knowledge and intent.”
(R. 205.) Because the 1995 convictions for theft and for unauthorized use of a credit card were irrelevant to whether Casey had knowledge of the presence of the stolen items at issue here or knowledge that the items were stolen, I do not believe that this instruction mitigated the substantial prejudice caused by the admission of the irrelevant evidence.
Finally, I fail to see how this error can be classified as harmless simply because the jury did not convict Casey of every single charge for which he was indicted. The unpublished memorandum states that, because the jury acquitted him of some charges, “[cjlearly, the jury did not use the evidence regarding his prior convictions as proof that he had committed the offenses in question.” I do not follow the logic of this harmless error analysis. I also know of no caselaw, and none as cited in the unpublished memorandum, in support of this proposition.
For the reasons above, I disagree with this Court’s affirmance of the trial court’s finding that evidence of Casey’s prior convictions was admissible under Rule 404(b). *615 Therefore, I dissent from the majority’s unpublished memorandum.

. The record reflects that the prosecutor actually argued that he was offering the prior convictions to show Casey's intent to receive stolen property "or having knowledge that property was stolen”. (R. 68.)